WILLIAM RICHARDSON, TRUSTEE, PLAINTIFF IN ERROR, VS. SULLIVAN'S EXECUTORS AND THE LOUISVILLE & NASHVILLE RAILROAD COMPANY, DEFENDANTS IN ERROR.

The purpose of the alleged Spanish grant from Don Alexander Ramirez to Don Vincente Sebastian Pintado, offered in evidence in this case and excluded by the court, was not to convey the land and water as such, so far as the extension or space of the Bay of Pensacola therein described is concerned, but the right to use the same within said limits, and to the depth stated below the surface of the soil, for the purpose of constructing wharves and houses for bathing, such right being to the exclusion of any similar right in any other individuals, and subordinate to the right of the King and the public to construct wharves with municipal or common funds within said limits; and to this extent it was not within the authority of Ramirez to make the grant, and it was void as to the space therein described as the extension of the Bay of Pensacola. The exclusion of the grant in evidence was proper on the authority of the decision in *Sullivan vs. Richardson*, 33 *Fla.* 1, 14 *South. Rep.* 692.

Writ of Error to the Circuit Court for Escambia county.

The facts in the case are stated in the opinion.

*W. A. Blount*, for Plaintiff in Error.

No Appearance for Defendant in Error.

MABRY, C. J.:

Writ of error from the Circuit Court for Escambia county in an action of ejectment.

Plaintiff in error was complainant in the Circuit Court, and judgment was rendered against him at a term of that court held in April, 1894. At a former term of the court plaintiff in error obtained a judgment for the land sued for, but this judgment was reversed on appeal to this court (Sullivan vs. Richardson, 33 Fla. 1, 14 South. Rep. 692).

On the former trial plaintiff in error offered in evidence as a basis of title to the *locus* demanded an alleged Spanish grant from Don Alexander Ramirez, Intendent of the Army and Superintendent-General, etc., to Don Vincente Sebastian Pintado, and familiarly known in Pensacola, Florida, as the Pintado grant. It is not deemed necessary to set out the grant here, as it appears in translation in the statement accompanying the former opinion in this case, where it may be found. Certain objections to the introduction of the alleged grant, not extending to the legal effect of its terms or to the power of the officer who executed it to make a grant of the property involved in the action, were made and overruled. The court's action in overruling the objections stated was sustained in the former opinion, and the construction and validity of the alleged grant came before the court for consideration. In construing the grant it was held that its purpose as to the water front therein described was not to grant the land and water as such within the described limits, but the right to use the same within such limits, and to the depth stated below the surface of the soil, for the purpose of constructing wharves and houses for bathing, such right of use being to the

exclusion of any similar right of use to any other individuals, and subordinate to the right of the King and the public to construct wharves with municipal or common funds within such limits. Also that while the King of Spain could have made such a grant to Pintado, it would have been contrary to his laws then in force in West Florida, and a case of special exception from their effect, and that Ramirez had no authority to make the grant, and it was void and vested no title in the grantee.

On the last trial the proceedings of which are now before us, plaintiff in error offered the same alleged grant in evidence, in connection with proof of its execution, and also a deraignment of paper title to the property in question from Pintado's heirs to himself, and the offer was rejected by the court. It was not questioned that the *locus* in question is within the designated limits of the alleged grant. The ruling of the court, in view of the former decision here, was evidently based upon the theory that the meaning of the alleged grant, so far as the extension or space of the Bay of Pensacola, therein described, is concerned, was not to convey the land and water as such, but the right to use the same within the said limits, and to the depth stated below the surface of the soil, for the purpose of constructing wharves and houses for bathing, such right of use being to the exclusion of any similar right in any other individuals, and subordinate to the right of the King and the public to construct wharves with municipal or common funds within said limits; and that it was not within the authority of Ramirez to make the grant, as thus construed, and it was void as to the space therein described as the extension of

the Bay of Pensacola. The theory, both as to the construction of the grant and the authority of Ramirez to make it, is fully sustained by the former decision made in the case (Sullivan vs. Richardson, *supra*), and the authorities and reasoning upon which the conclusion was then reached are fully stated therein.

We do not deem it necessary to review the authorities again, but, upon decision made, affirm the ruling of the Circuit Judge in excluding the alleged grant as evidence to be considered by the jury on the grounds above stated. Order to be made affirming the judgment.